# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (AT CINCINNATI)

| | |
|---|---|
| WILLIAM P. SAWYER d/b/a SHARONVILLE FAMILY MEDICINE, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) **Civil Action No. 1:19-CV-901** |
| Plaintiff, | ) ) |
| v. | ) **CLASS ACTION** ) |
| NOVARTIS PHARMACEUTICALS CORPORATION and ALCON LABORATORIES, INC. | ) **COMPLAINT** ) ) |
| Defendants. | ) ) ) |

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Plaintiff William P. Sawyer d/b/a Sharonville Family Medicine ("Sharonville Family Medicine" or "Dr. Sawyer") alleges the following against Defendants Novartis Pharmaceuticals Corporation ("Novartis") and Alcon Laboratories, Inc. ("Alcon").

## PRELIMINARY STATEMENT

1. On November 4, 2015, Sharonville Family Medicine received a document on its fax machine that pertained to the treatment of Acute Otitis Externa and Acute Otitis Media with Typanostomy Tubes (the "Acute Otitis Fax"). A copy of the Acute Otitis Fax is attached hereto as Exhibit A.

2. Based on information, belief, and the Acute Otitis Fax itself, Novartis or Alcon authorized a third-party vendor to send a document to the fax machine/fax number of Sharonville Family Medicine on or about November 4, 2015 that pertained to the treatment of Acute Otitis Externa and Acute Otitis Media with Typanostomy Tubes.

3. The Acute Otitis Fax was transmitted to other persons via their respective fax numbers/fax machines.

4. 47 U.S.C. § 227 is a federal law commonly referred to as the "Telephone Consumer Protection Act" ("TCPA") or "Junk Fax Prevention Act" ("JFPA")

5. The claims of Sharonville Family Medicine and the other recipients of the Acute Otitis Fax are all based on the same legal theory; *i.e.,* violations of the TCPA.

## PARTIES

6. Dr. Sawyer is an individual who resides in the State of Ohio.

7. Sharonville Family Medicine is a trade name registered in the State of Ohio for a medical facility located in Sharonville, Ohio that is operated by Dr. Sawyer.

8. Novartis Pharmaceuticals Corporation is a Delaware corporation, and its principal place of business in the United States is in Hanover, New Jersey.

9. Alcon Laboratories, Inc. is a Delaware corporation, and its principal place of business in the United States is in Fort Worth, Texas.

## FACTS

10. Novartis distributes pharmaceutical drugs.

11. Ciprodex® is a pharmaceutical drug marketed as a treatment for both Acute Otitis Externa and Acute Otitis Media with Typanostomy Tubes.

12. In November of 2015, Ciprodex® was distributed by Novartis.

13. Alcon distributes pharmaceutical drugs.

14. Cipro® (or Cipro® HC OTIC) is a pharmaceutical drug marketed as a treatment for Acute Otitis Externa in adults and pediatric patients.

15. In November of 2015, Cipro® (or Cipro® HC OTIC) was distributed by Alcon.

16. In November of 2015, Alcon and Novartis derived revenue from the sale of prescription drugs such as Ciprodex® and Cipro® (or Cipro® HC OTIC).

17. The Acute Otitis Fax invited persons to attend an "Educational Dinner Event".

18. The "Educational Dinner Event" referenced in the Acute Otitis Fax was a promotional activity.

19. The "Educational Dinner Event" referenced in the Acute Otitis Fax was not accredited.

20. Ciprodex® and/or Cipro® (or Cipro® HC OTIC) were discussed by the presenter(s) at the "Educational Dinner Event" referenced in the Acute Otitis Fax.

21. The expenses for the "Educational Dinner Event" referenced in the Acute Otitis Fax included a fee for the presenter(s) and the cost of the dinner for the attendees.

22. Alcon and/or Novartis paid some or all of the expenses for the "Educational Dinner Event" referenced in the Acute Otitis Fax.

23. Alcon and/or Novartis did not obtain express permission from Sharonville Family Medicine to send advertisements to Sharonville Family Medicine's fax number/facsimile machine before November 4, 2015.

24. The Acute Otitis Fax did not contain a notice that stated that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply is unlawful.

## CLASS ACTION ALLEGATIONS

25. Sharonville Family Medicine brings this action on behalf of the following persons: "All persons who (1) on or after four years prior to the filing of this action (2) were sent

3

the Acute Otitis Fax or similar material (3) via facsimile (4) by or on behalf of Novartis or Alcon." The persons who meet these criteria are the "putative class members".

26. <u>Numerosity</u>: Based on information, belief, and the appearance of the Acute Otitis Fax, the number of putative class members exceeds forty.

27. <u>Commonality</u>: Common questions of law and fact apply to the claims of the putative class members. These include the following:

   (a) Whether the Acute Otitis Fax constitutes an "unsolicited advertisement" within the meaning of the TCPA;

   (b) How Defendants compiled or obtained the list of fax numbers to which the Acute Otitis Fax was sent;

   (c) Whether Defendants obtained "express invitation or permission" within the meaning of the TCPA from the intended targets prior to sending them the Acute Otitis Fax;

   (d) Whether the Acute Otitis Fax contained an opt-out notice that complied with the requirements of the TCPA;

   (e) Whether Defendants violated the TCPA and the regulations promulgated thereunder with regard to the Acute Otitis Fax; and

   (f) Whether Defendant sent the Acute Otitis Fax intentionally, knowingly, or willfully.

28. <u>Typicality</u>: Sharonville Family Medicine is asserting the same claim under the same federal statute as the other members of the putative class. Sharonville Family Medicine is also seeking the same relief for itself and the other members of the putative class.

29. <u>Adequacy</u>: Sharonville Family Medicine has no interests in conflict with the putative class members, has the resources and inclination to prosecute this action to completion, and has retained experienced and competent counsel to assist it in doing so.

30. <u>Predominance</u>: The questions of law and fact common to the putative class members predominate over any questions affecting only individual members because:

    (a) Sharonville Family Medicine's claim depends on the same factual and legal issues as that of the putative class members;

    (b) the evidence supporting Defendants' likely defenses will come solely from Defendants' own records and will not require any information or inquiries from individual class members;

    (c) the damages for all putative class members are set by statute and will, therefore, be the same for each and every member of the putative class; and

    (d) the identity of the putative class members can be readily ascertained from Defendants' or its agents' computer records, phone records, or other business records.

31. <u>Superiority</u>: A class action would be superior to individual actions by the putative class members for the following reasons:

    (a) the damages suffered by any one class member are too low to justify a stand-alone lawsuit;

    (b) the TCPA contains no provision for awarding attorney fees. As such, individual claimants would, as a practical matter, have to proceed *pro se* against large, sophisticated defendants;

    (c) many of the putative class members are legal entities that would not be permitted to proceed in court *pro se*; and

    (d) the evidence concerning each of putative class member's claims is so similar that the adjudication of each on an individual basis would be repetitive, inefficient, and wasteful.

### **CLAIM FOR RELIEF – VIOLATIONS OF THE TCPA**

32. 47 U.S.C. 227(b)(1)(C)(i)-(iii) of the TCPA states, in part, as follows: "It shall be unlawful for any person . . . to use any telephone facsimile machine, computer or other device to

send, to a telephone facsimile machine, an unsolicited advertisement unless (i) the unsolicited advertisement is from a sender with an established business relationship with the sender . . . and (iii) the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D)."

33. 47 U.S.C. § 227(a)(5) of the TCPA states as follows: "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."

34. Novartis and/or Alcon authorized a third-party vendor to send the Acute Otitis Fax to the fax machines/fax numbers of Sharonville Family Medicine and numerous other persons.

35. The Acute Otitis Fax promotes the commercial availability and/or quality of property, goods, and/or services of Alcon and/or Novartis.

36. Neither Novartis nor Alcon obtained express permission from the targets/recipients of the Acute Otitis Fax prior to sending such advertisements to their fax machines/fax numbers.

37. The Acute Otitis Fax did not contain a notice that met the requirements of paragraph (2)(D) of the TCPA.

38. Sharonville Family Medicine and the putative class members have suffered actual damages and statutory damages under the TCPA due to the sending of the Acute Otitis Fax to their fax machines/fax numbers.

WHEREFORE, Plaintiff William P. Sawyer d/b/a Sharonville Family Medicine, individually and on behalf of all others similarly situated, demands judgment in his favor and

against Defendants Alcon Laboratories, Inc and Novartis Pharmaceuticals Corporation as follows:

(1) that the Court adjudge and decree that the present case may be maintained as a class action, appoint William P. Sawyer d/b/a Sharonville Family Medicine as the representative of the class, and appoint counsel for Dr. Sawyer as counsel for the class;

(2) that the Court award damages to William P. Sawyer d/b/a Sharonville Family Medicine and the other members of the class for each violation of the TCPA by the Defendants;

(3) that the Court award William P. Sawyer d/b/a Sharonville Family Medicine pre-judgment interest, post-judgment interest, attorney fees, treble damages, costs, and such other relief as may be just and proper.

Respectfully submitted,

WILLIAM P. SAWYER D/B/A SHARONVILLE FAMILY MEDICINE individually and as the representative of a class of similarly-situated persons,

*/s/Matthew E. Stubbs*
GEORGE D. JONSON (0027124)
MATTHEW W. STUBBS (0066722)
MONTGOMERY JONSON, LLP
600 Vine Street, Suite 2650
Cincinnati, OH  45202
Telephone: (513) 241-4722
Facsimile:  (513) 7689227
Email: gjonson@mojolaw.com
            mstubbs@mojolaw.com